IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

OVIER GURRUSQUIETA,

    Petitioner,

v.                                         Case No. 1:19-cv-00019

WARDEN, FCI McDowell,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

### A.    Petitioner's conviction and direct appeal.

On September 19, 2017, Petitioner plead guilty in the United States District Court for the Eastern District of Texas to reentering the United States as a deported alien in violation of 8 U.S.C. § 1326. *United States v. Gurrusquieta*, No. 4:17-cr-00052 (E.D. Tx.), ECF No. 27. According to his petition, at sentencing, Petitioner received two 8-level enhancements, presumably under 2L1.2 of the United States Sentencing Guidelines

("USSG"), for prior felony convictions for aggravated assault with a deadly weapon without intent to kill and injury to a child.[1] He was sentenced to a term of imprisonment of 78 months. His judgment was entered on January 30, 2018. *Id.*, ECF No. 40. Petitioner did not appeal his conviction and sentence; nor did he file a timely motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

B.  **The instant § 2241 petition.**

On January 7, 2019, Petitioner filed the instant § 2241 petition in this court challenging the enhancements under § 2L1.2 based upon the Supreme Court's decisions in *Descamps v. United States,* 133 S. Ct. 2276 (2013), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). Specifically, Petitioner contends that, in light of these decisions, his prior Texas convictions for aggravated assault with a deadly weapon without intent to kill and injury to a child, which served as the basis for the enhancements he received, do not qualify as "crimes of violence" for the purpose of the guideline enhancements because the elements of those crimes are broader than the definition of a "crime of violence" contained in the guideline. He further generally cites to *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) without any explanation of its application to his case. Petitioner seeks resentencing

---

[1] Petitioner does not specify the Guideline provision(s) under which these enhancements were imposed or what sentences he received for those prior convictions. Because Petitioner cannot meet the *Wheeler* criteria for consideration of his claim under the savings clause, the undersigned has not taken steps to obtain and review Petitioner's Presentence Investigation Report or sentencing transcript to confirm the Guideline provisions used to determine his advisory guideline sentence. Nonetheless, a review of USSG § 2L1.2(b) suggests that, beginning with a base offense level of 8, an 8-level enhancement may then be imposed based only upon the length of a prior sentence (more than 2 years), not based upon whether such prior offense was a crime of violence. *See* UNITED STATES SENTENCING GUIDELINES MANUAL §§ 2L1.2(b)(2)(B) or (b)(3)(B).

2

without the 16-level enhancement and attempts to use the savings clause contained in 28 U.S.C. § 2255(e) to raise his claim for relief in a petition brought under 28 U.S.C. § 2241.

## ANALYSIS

Petitioner's claims clearly challenge the validity of his sentence, and not the manner in which the sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in his sentencing court which, in this case, is the United States District Court for the Eastern District of Texas. Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241, on the other hand, is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the

legality of the petitioner's detention. *Id.* at 332. Thus, the fact that Petitioner did not previously file a timely § 2255 motion in his sentencing court, standing alone, will not permit review under § 2241.

Accordingly, before considering Petitioner's § 2241 petition on its merits, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of Petitioner's detention in order that he may pursue such relief under § 2241. Recently, the United States Court of Appeals for the Fourth Circuit modified its test to determine whether the remedy under § 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). In interpreting the phrase "this circuit," the Fourth Circuit has held that it is the law of Petitioner's circuit of conviction and sentencing, which in this case is the Fifth Circuit, that controls. *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.") As further addressed below, Petitioner cannot meet the *Wheeler* criteria for several reasons.

This court can quickly dispose of Petitioner's conclusory reliance upon *Dimaya*, in which the Supreme Court found that the residual clause contained in 18 U.S.C. § 16(b)

(used as the basis for various statutory enhancements, but has no application here), which included any felony offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. However, as noted in the definition above, USSG § 2L1.2 does not contain a similar residual clause in its definition of a "crime of violence." Therefore, *Dimaya* has no direct application to Petitioner's case.

Furthermore, in *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court determined that the advisory sentencing guidelines, under which Petitioner was sentenced, are not subject to vagueness challenges under the Fifth Amendment because they do not have the same force of law. Finally, because *Dimaya* is a new rule of constitutional law along the same lines as those announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019), Petitioner cannot satisfy the third prong of *Wheeler* in order to raise this claim under the savings clause. *See Welch v. United States*, 578 U.S. 120 (2016) (finding that the holding in *Johnson* is a new rule of substantive law that is retroactive on collateral review permitting claims to be raised under § 2255(h)(2)); *In re Thomas*, 988 F.3d 783, 790 (4th Cir. 2021) (*Davis* announced a new substantive constitutional rule that is retroactive on collateral review). Consequently, Petitioner is not entitled to any relief under the savings clause based upon *Dimaya*.

Petitioner further contends that the decisions in *Descamps* and *Mathis*[2] are new interpretations of statutory law and that § 2255 is inadequate or ineffective to test the

---

[2] In *Descamps* and *Mathis*, which were both direct appeals, the Supreme Court addressed the proper application of the categorical and modified categorical approaches in determining whether a prior conviction qualifies as a predicate offense for an enhanced sentence under the Armed Career Criminal Act.

5

legality of his detention thereunder and, thus, he should be able to use the savings clause to bring his sentencing challenge under § 2241. Additionally, Petitioner relies upon *Hinkle*, a direct appeal in which the Fifth Circuit, relying on *Mathis*, concluded that a prior Texas controlled substance offense was broader than the definition of a controlled substance offense contained in the career offender guideline and, thus, vacated the sentence and remanded for resentencing without the career offender enhancement.

Based upon these decisions, Petitioner contends that his prior Texas aggravated assault conviction is not a "crime of violence" because that statute is "divisible" and contains elements that are broader than the "crime of violence" definition in the commentary to USSG § 2L1.2, which includes "aggravated assault" as an enumerated offense, but does not further define that offense. *See* Application Note 1(B)(iii). The court may also defer to the more general clause in the definition requiring "an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." He makes a similar argument concerning a Texas conviction for injury to a child without any citation to or explanation of the elements of that offense. However, presuming that a determination of whether these offenses were crimes of violence is even relevant to Petitioner's sentencing enhancements, the undersigned need not address the merits of these claims, because Petitioner cannot meet the savings clause criteria.

Neither the Supreme Court nor the Fifth Circuit (Petitioner's circuit of conviction) have declared *Descamps* or *Mathis* to be new substantive rules of law that are

---

The Supreme Court made it clear that these decisions were dictated by, and mere clarifications of, prior case law.

retroactively applicable on collateral review. *See, e.g., In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015) ("the Supreme Court has not made *Descamps* retroactive on collateral review"); *United States v. Wiese*, 896 F.3d 720, 725 (5th Cir. 2018), *as revised* (Aug. 14, 2018) ("Mathis did not state a new rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court). Additionally, these cases were decided prior to Petitioner's direct appeal and first § 2255 motion. Therefore, even if they did constitute new substantive changes in the law, Petitioner cannot meet the second prong of *Wheeler* because such change in law did not occur after his opportunity to file a direct appeal or an initial § 2255 motion – neither of which he pursued.

Finally, because Petitioner's enhancements were applied under advisory guidelines, following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), sentencing relief under the savings clause is unavailable to him. *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018) (holding that erroneous application of a post-*Booker* advisory guideline provision is not a fundamental defect or miscarriage of justice). Thus, Petitioner cannot satisfy the fourth *Wheeler* prong. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot satisfy the *Wheeler* criteria for review of his claims under the savings clause.

For these reasons, the undersigned further proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Petitioner's claims contained in his section 2241 petition.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

September 29, 2021

Dwane L. Tinsley
United States Magistrate Judge