IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

OVIER GURRUSQUIETA,

    Petitioner,

v.                                        Civil Action No. 1:19-00019

WARDEN, FCI McDowell,

    Respondent.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Tinsley submitted to the court his Proposed Findings and Recommendation ("PF&R") on September 29, 2021, in which he recommended that the court dismiss petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.  (ECF No. 5.)

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days in which to file objections to the PF&R.  The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985);

Snyder v. Ridenour, 889 F.2d 1363, 1365-66 (4th Cir. 1989); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." (emphasis added)).

Neither party filed objections to the PF&R within the required time period.  Accordingly, the court adopts the PF&R as follows:  Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action are **DISMISSED** for lack of jurisdiction.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 7th day of December, 2021.

ENTER:

David A. Faber
Senior United States District Judge